UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

LEAH BASSETT,
    Plaintiff

vs.

<u>Category One</u>[1]
THEODORE BLITT, personally and d/b/a MILE
    HIGH MEDIA;
ROBERT BLITT, personally and d/b/a MILE
    HIGH MEDIA;
MILE HIGH D.V.D. CORPORATION;
ORIGINAL CUT ENTERTAINMENT, INC.;
O.L. ENTERTAINMENT, INC.;
VIVID CANADA ENTERTAINMENT, INC.
MILE HIGH MEDIA, INC.; and,
John Doe #A et seq.;
<u>Category Two</u>[2]
NEXT DOOR ENTERTAINMENT, d/b/a
    BUDDY PROFITS.com;
GAMMA ENTERTAINMENT, d/b/a
    CHARGEPAY B.V.;
John Doe #I et seq.;
<u>Category Three</u>[3]
LARRY BAKER, d/b/a CONNOR MAGUIRE;
WILLIAM GRAY, d/b/a BILLY SANTORO;
CAMERON ROSE, d/b/a COLTON GREY;
CHRISTIAN JIMENEZ, d/b/a JESSY DUBAI;

CIVIL ACTION
No.

**PLAINTIFF'S COMPLAINT**

---

[1] Category One Defendants consists of individuals and/or business entities that are known or believed to be associated with the unincorporated entity [or trade name] known as "Mile High Media", and involved in the commercial promotion, propagation, and transmission/sales of the unauthorized and unlawful porn films and/or advertising Stills that were shot on Plaintiff's premises.

[2] Category Two Defendants consists of business entities that are known or believed to have been utilized by Jon Blitt, Theorore Blitt, and/or Edward Blitt via their managerial control of Mile High Distribution, Inc. and other Category One entities as distributors/retailers in the commercial promotion, propagation, and transmission/sales of the unauthorized and unlawful porn films and/or advertising Stills that were shot on Plaintiff's premises.

[3] Category Three Defendants consists of individuals who are known or believed to have been present on Plaintiff's premises and to have participated either as actors and/or as crewmembers both in the creation of the unauthorized and unlawful porn films and/or advertising Stills or "Selfies" shot thereon, as well as in the ensuing promotion, propagation, and transmission/sales of those products.

```
KATE JAMIESON, d/b/a AUBREY KATE;         *
BENJAMIN PECK, d/b/a ROB YEAGER;          *
LORIS MARIE JAQUE, d/b/a THEO FORD;       *
JESSIE ASHBY, d/b/a JESSIE COLTER;        *
John Doe #1, d/b/a BROCK AVERY;           *
John Doe #2, d/b/a NICK CAPRA;            *
John Doe #3, d/b/a ANDREW FINCH;          *
John Doe #4, d/b/a ALEX GREEN;            *
John Doe #5, d/b/a WOLF HUDSON;           *
John Doe #6, d/b/a ELI HUNTER;            *
John Doe #7, d/b/a JACOB LADDER;          *
John Doe #8, d/b/a NINA LAWLESS;          *
John Doe #9, d/b/a IAN LEVINE;            *
John Doe #10, d/b/a BRENDAN PATRICK;      *
John Doe #11, d/b/a J.D. PHOENIX;         *
John Doe #12, d/b/a CHELSEA POE;          *
John Doe #13, d/b/a ADAM RUSSO;           *
Jane Doe #14, d/b/a MAGDELINE ST. MICHAELS*
John Doe #15, d/b/a SETH SANTORO;         *
John Doe #16, d/b/a SAM TRUITT;           *
John Doe #17, d/b/a BRANDON WYLDE;        *
John Doe #18, et seq.                     *
            Defendants                    *
* * * * * * * * * * * * * * * * * * * * *
```

## I. INTRODUCTORY STATEMENT

This civil action arises from the factual circumstances set forth more fully in Plaintiff's Verified Complaint in the previously-filed and pending lawsuit, Bassett v. Jensen et als, Civil Action No. 18-cv-10576-PBS. The so-called Mile High-associated Defendants in that lawsuit; - - viz., [1.] Monica Jensen, d/b/a Nica Noelle; [2.] Jon Blitt, personally and d/b/a Mile High Media, d/b/a Icon Male; d/b/a Transsensual; and, [3.] Mile High Distribution, Inc., -- have been determined per a Rule 56 Order entered on August 6, 2020 to be liable to Leah Bassett ["Bassett"] per a Copyright Infringement Count that stems from those Defendants' joint and several conduct in the commercial creation and subsequent marketing of a number of porn films and/or advertising Stills that contained, inter alii, images of Bassett's own Copyright-protected artworks therein.

Those commercially-intended porn films and advertising Stills were created on Bassett's premises without her contemporary knowledge, authorization, or any lawfully-required, governmental permits. The Defendants named herein are each known or believed to have participated in the creation and/or the marketing and distribution/sales of those porn films and Stills shot on Bassett's premises, rendering them respectively liable at law to Bassett per one or more of the Counts asserted herein. One of Bassett's primary goals ever since her transmission of a so-called "93A Demand Letter", dated October 16, 2015, to those three Mile High-associated Defendants in the pending and corollary lawsuit has been to ensure the permanent removal and destruction of all porn films and Still photography that displayed therein her premises, her furnishings, and/or her Copyright-protected artworks. Unfortunately, those three Mile High-associated Defendants have failed to meaningfully and in good faith cooperate with Bassett in achieving that goal, which has prompted this separate effort to ensure their permanent removal and destruction from these three categories of persons or entities who are known or believed to have played a role in the commercial efforts to create and/or market/sell the numerous porn films and Still photography that were unlawfully shot on Bassett's premises, and which continue to be readily viewable on various commercial Internet sites.

## II. JURISDICTIONAL STATEMENT

This Court has jurisdiction due both to Bassett's federal claim arising from asserted violations of the U.S. Copyright Act, as well as on the basis of diversity of citizenship arising from the out-of-state or out-of-country residential and/or business locations of the Defendants.

## III. PARTIES

1. Plaintiff Leah Bassett is an adult female and professional artist, who was raised on

Martha's Vineyard and attended Bates College and the Rhode Island School of Design. Her domicile at all pertinent times herein has been a house situated in Aquinnah, Massachusetts that she personally designed and built with the assistance of her building contractor father and various of her contractor uncles and friends.

[Category One Defendants]

2. Defendant Theodore (Ted) Blitt is an adult male, last known to be residing in Quebec, Canada. He is the reported founder of the entity known as "Mile High Media", and his various business titles include President of Mile High Distribution, Inc., located at 8148 Devonshire Road, Mont-Royal, Quebec, H4P 2K3.

3. Defendant Robert Blitt is an adult male, last known to be residing in Quebec, Canada. He is the reported President of an entity known as Mile High D.V.D. Corporation, d/b/a "Mile High DVD", which appears to be part of the umbrella entity "Mile High Media".[4]

4. Defendant Mile High D.V.D. Corporation, registered as a Canadian corporation, is reportedly also located at 8148 Devonshire Road, Mont-Royal, Quebec, H4P 2K3.

5. Defendant Mile High Media, Inc. is a U.S. entity that was incorporated in Delaware and is reportedly distinct from, while part of, the umbrella entity "Mile High Media."[5] It also reportedly was doing business in California, while listing Gary Jay Kaufman, at 1925 Century Park East,

---

[4] In an interview of Jon Blitt, identified as "*vice president of Mile High Media, a family-run business based in Montreal*", dated Sept. 29, 2009, titled "*In the Executive Seat: Jon Blitt*" and appearing in XBIX.com, Jon stated in pertinent part as to Robert: "*My brother's been here 20 years, and he's V.P. of Operations. . .*".

[5] Per Ted Blitt's deposition testimony on July 30, 2019, all of the porn-related product that Mile High Media, Inc. markets/sells is "*created by Mile High Distribution*", while adding that its "*function is to do business with people in the States. It's an American corporation.*" Ted Blitt stated that he was the President of that Delaware corporation, and that its owner was Original Cut Entertainment, Inc.. He further stated that Mile High Media, Inc. had no employees or office(s) in the U.S., and that all of its business activities were operated out of Montreal. Ted Blitt Depo. at pgs. 26-29.

Suite 2350, Los Angeles, CA 90067, as its registered agent, at pertinent times hereto.[6]

6. Defendant Original Cut Entertainment, Inc. is registered as a Canadian corporation, and reportedly is also located at 8148 Devonshire Road, Mont-Royal, Quebec, H4P 2K3. Per Ted Blitt's aforesaid Deposition testimony, it operates as "*a holding company*" in which he is the sole stockholder.

7. Defendant O.L. Entertainment, Inc. is registered as a Canadian corporation, and reportedly is also located at 8148 Devonshire Road, Mont-Royal, Quebec, H4P 2K3. It also appears to be part of the umbrella entity "Mile High Media".[7]

8. Defendant Vivid Canada Entertainment, Inc. is registered as a Canadian corporation, and reportedly is also located at 8148 Devonshire Road, Mont-Royal, Quebec, H4P 2K3. Jon Blitt is listed as its President, and so it also appears to be part of the umbrella entity "Mile High Media."

9. Defendant John Doe #A, et seq. is so designated in anticipation of the likelihood that there are one of more other Blitt-related entities that are also engaged in their commercial porn activities, separately or as part of the umbrella entity "Mile High Media", in marketing/selling the porn films and advertising Stills shot on Bassett's premises.

---

[6] Mr. Kaufman is also listed as the registered agent for another Delaware corporation doing business in California, named Mile High Productions, Inc., and headquartered at 8148 Devonshire Road, Mont-Royal, Quebec, Canada. It reportedly ceased doing business in CA in 2016, which leads to an inference that it also was part of the umbrella entity "Mile High Media" when the porn films and advertising Stills shot on Bassett's premises in 2014-15 were being marketing during those initial years of 2014-16. It will require further Discovery to establish whether that corporate entity should also be added as a Mile High-related Co-defendant.

[7] See the "*mile high media*" publication, titled "*Mile High Media & O.L. Entertainment Combine For 79 AVN Nominations*", dated November 20, 2017 and attached herewith as Exhibit B, wherein it states in pertinent part: "*Formed in 2013, O.L. Entertainment is the joint venture by adult industry powerhouses Mile High Media and Gamma Entertainment.*"

[Category Two Defendants]

10.     Defendant "NextDoorEntertainment" is listed as the owner of an Internet website, called "Buddy Profits.com", which lists a mailing address in Canada at 3300 Cote Verte, Montreal, Quebec, H4R 2B7. Per an AVN news article, dated January 14, 2015 and titled "*Buddy Profits, Mile High Media Launch IconMale.com*", attached herewith as Exhibit C, it is evident that a partnership agreement of some sort was reached between Buddy Profits and Mile High Media in regards to marketing and selling the Icon Male films and advertising Stills that were shot, among others, on Bassett's premises.[8]

11.     Defendant Gamma Entertainment, doing business as ChargePay B.V., is reportedly also headquartered in Canada. It reportedly operated the Internet porn site known as "*transsensual.com*", which is owned by Mile High Distribution, Inc. per Ted Blitt's aforesaid Deposition testimony. It listed a mailing address of Industrieg 5B, 2421 LK Nieuwkoop, Netherlands on that website.[9]

12.     Defendant John Doe #I, et seq., is so designated in anticipation of the likelihood that there are a considerable number of other third-party commercial entities with whom Mile High Distribution, Inc. and/or some other Mile High Media-associated entity entered into retail agreements of one form or another for the purpose of marketing and selling, inter alii, the porn films and advertising Stills shot on Bassett's premises.

---

[8] Notably, Jon Blitt in his stated capacity as "*vice president of Mile High Media*" is prominently quoted in that news article, along with Buddy Profits' Managing Director, Hector Camacho.

[9] Two representative examples, while purposely selecting non-graphic/obscene ones, of the continued marketing of the porn films shot unlawfully on Bassett's premises **after** her initiation of the corollary lawsuit are attached herewith as Exhibit D.

[Category Three Defendants]

13. Defendant Larry Baker, d/b/a Connor Maguire, is known to have been present on Bassett's premises for hire for the unauthorized and unlawful commercial porn shoots conducted thereon on behalf of Monica Jensen, d/b/a Nica Noelle, and Mile High Media/Distribution. His address is unknown to Bassett.

14. Defendant William Gray, d/b/a Billy Santoro, is known to have been present on Bassett's premises for hire for the unauthorized and unlawful commercial porn shoots conducted thereon on behalf of Monica Jensen, d/b/a Nica Noelle, and Mile High Media/Distribution. His present address is unknown to Bassett.

15. Defendant Cameron Rose, d/b/a Colton Grey, is known to have been present on Bassett's premises for hire for the unauthorized and unlawful commercial porn shoots conducted thereon on behalf of Monica Jensen, d/b/a Nica Noelle, and Mile High Media/Distribution. His address is unknown to Bassett.

16. Defendant Christian Jimenez, d/b/a Jessy Dubai, is known to have been present on Bassett's premises for hire for the unauthorized and unlawful commercial porn shoots conducted thereon on behalf of Monica Jensen, d/b/a Nica Noelle, and Mile High Media/Distribution. His address is unknown to Bassett.

17. Defendant Kate Jamieson, d/b/a Aubrey Kate, is known to have been present on Bassett's premises for hire for the unauthorized and unlawful commercial porn shoots conducted thereon on behalf of Monica Jensen, d/b/a Nica Noelle, and Mile High Media/Distribution. His address is unknown to Bassett.

18. Defendant Benjamin G. Peck, d/b/a Rob Yeager, is known to have been present on Bassett's premises for hire for the unauthorized and unlawful commercial porn shoots conducted

thereon on behalf of Monica Jensen, d/b/a Nica Noelle, and Mile High Media/Distribution. His address is unknown to Bassett.

19. Defendant Loris Marie Jaque, d/b/a Theo Ford, is known to have been present on Bassett's premises for hire for the unauthorized and unlawful commercial porn shoots conducted thereon on behalf of Monica Jensen, d/b/a Nica Noelle, and Mile High Media/Distribution. His address is unknown to Bassett.

20. Defendant Jessie Ashby, d/b/a Jessie Colter, is known to have been present on Bassett's premises for hire for the unauthorized and unlawful commercial porn shoots conducted thereon on behalf of Monica Jensen, d/b/a Nica Noelle, and Mile High Media/Distribution. His address is unknown to Bassett.

21. Defendant John Doe #1, d/b/a Brock Avery, is known to have been present on Bassett's premises for hire for the unauthorized and unlawful commercial porn shoots conducted thereon on behalf of Monica Jensen, d/b/a Nica Noelle, and Mile High Media/Distribution. His legal name and address is unknown to Bassett.

22. Defendant John Doe #2, d/b/a Nick Capra, is known to have been present on Bassett's premises for hire for the unauthorized and unlawful commercial porn shoots conducted thereon on behalf of Monica Jensen, d/b/a Nica Noelle, and Mile High Media/Distribution. His legal name (apart from a first name of "Doug") and address is unknown to Bassett. Two representative examples, while deliberately selecting non-graphic/obscene ones, of the ways in which some of the actors utilized the Stills on their own Social Media sites, -- selecting Nica Capra in this instance for posts he made in January 2021, are attached herewith as Exhibit E.

23. Defendant John Doe #3, d/b/a Andrew Finch, is known to have been present on Bassett's premises for hire for the unauthorized and unlawful commercial porn shoots conducted thereon on

behalf of Monica Jensen, d/b/a Nica Noelle, and Mile High Media/Distribution. His legal name and address is unknown to Bassett.

24. Defendant John Doe #4, d/b/a Alex Green, is known to have been present on Bassett's premises for hire for the unauthorized and unlawful commercial porn shoots conducted thereon on behalf of Monica Jensen, d/b/a Nica Noelle, and Mile High Media/Distribution. His legal name and address is unknown to Bassett.

25. Defendant John Doe #5, d/b/a Wolf Hudson, is known to have been present on Bassett's premises for hire for the unauthorized and unlawful commercial porn shoots conducted thereon on behalf of Monica Jensen, d/b/a Nica Noelle, and Mile High Media/Distribution. His legal name and address is unknown to Bassett.

26. Defendant John Doe #6, d/b/a Eli Hunter, is known to have been present on Bassett's premises for hire for the unauthorized and unlawful commercial porn shoots conducted thereon on behalf of Monica Jensen, d/b/a Nica Noelle, and Mile High Media/Distribution. His legal name and address is unknown to Bassett.

27. Defendant John Doe #7, d/b/a Jacob Ladder, is known to have been present on Bassett's premises for hire for the unauthorized and unlawful commercial porn shoots conducted thereon on behalf of Monica Jensen, d/b/a Nica Noelle, and Mile High Media/Distribution. His legal name and address is unknown to Bassett.

28. Defendant John Doe #8, d/b/a Nina Lawless, is known to have been present on Bassett's premises for hire for the unauthorized and unlawful commercial porn shoots conducted thereon on behalf of Monica Jensen, d/b/a Nica Noelle, and Mile High Media/Distribution. His legal name and address is unknown to Bassett.

29. Defendant John Doe #9, d/b/a Ian Levine, is known to have been present on Bassett's

premises for hire for the unauthorized and unlawful commercial porn shoots conducted thereon on behalf of Monica Jensen, d/b/a Nica Noelle, and Mile High Media/Distribution. His legal name and address is unknown to Bassett.

30. Defendant John Doe #10, d/b/a Brendan Patrick, is known to have been present on Bassett's premises for hire for the unauthorized and unlawful commercial porn shoots conducted thereon on behalf of Monica Jensen, d/b/a Nica Noelle, and Mile High Media/Distribution. His legal name and address is unknown to Bassett.

31. Defendant John Doe #11, d/b/a J.D. Phoenix, is known to have been present on Bassett's premises for hire for the unauthorized and unlawful commercial porn shoots conducted thereon on behalf of Monica Jensen, d/b/a Nica Noelle, and Mile High Media/Distribution. His legal name and address is unknown to Bassett.

32. Defendant John Doe #12, d/b/a Chelsea Poe, is known to have been present on Bassett's premises for hire for the unauthorized and unlawful commercial porn shoots conducted thereon on behalf of Monica Jensen, d/b/a Nica Noelle, and Mile High Media/Distribution. His legal name and address is unknown to Bassett.

33. Defendant John Doe #13, d/b/a Adam Russo, is known to have been present on Bassett's premises for hire for the unauthorized and unlawful commercial porn shoots conducted thereon on behalf of Monica Jensen, d/b/a Nica Noelle, and Mile High Media/Distribution. His legal name and address is unknown to Bassett.

34. Defendant Jane Doe #14, d/b/a Magdeline St. Michaels, is known to have been present on Bassett's premises for hire for the unauthorized and unlawful commercial porn shoots conducted thereon on behalf of Monica Jensen, d/b/a Nica Noelle, and Mile High Media/Distribution. Her legal name and address is unknown to Bassett.

35. Defendant John Doe #15, d/b/a Seth Santoro, is known to have been present on Bassett's premises for hire for the unauthorized and unlawful commercial porn shoots conducted thereon on behalf of Monica Jensen, d/b/a Nica Noelle, and Mile High Media/Distribution. His legal name and address is unknown to Bassett.

36. Defendant John Doe #16, d/b/a Sam Truitt, is known to have been present on Bassett's premises for hire for the unauthorized and unlawful commercial porn shoots conducted thereon on behalf of Monica Jensen, d/b/a Nica Noelle, and Mile High Media/Distribution. His legal name and address is unknown to Bassett.

37. Defendant John Doe #17, d/b/a Brandon Wylde, is known to have been present on Bassett's premises for hire for the unauthorized and unlawful commercial porn shoots conducted thereon on behalf of Monica Jensen, d/b/a Nica Noelle, and Mile High Media/Distribution. His legal name and address is unknown to Bassett.

38. Defendant John Doe #18, et seq., is so designated in anticipation of the possibility that there may be one or more additional individuals who were present, and/or participated for hire, in the unauthorized and unlawful porn shoots conducted on Bassett's premises on behalf of Monica Jensen, d/b/a Nica Noelle, and Mile High Media/Distribution.

IV. FACTUAL ALLEGATIONS

39. Most of the underlying factual circumstances as to the tortious activities and conduct that took place on Bassett's premises, and which had continued in various respects up through the filing of her initial lawsuit in this Court on March 26, 2018, were set forth in "Plaintiff's Verified Complaint", attached herewith as Exhibit A and incorporated herein by reference.

40. Upon information and belief, each of the Defendants named in Category One herein were involved with, and/or commercially benefited from, the marketing and distribution/sales of the

porn films and advertising Stills shot on Bassett's premises.

41. Upon information and belief, each of the Defendants named in Category Two herein were involved with, and/or commercially benefited from, the marketing and distribution/sales of the porn films and advertising Stills shot on Bassett's premises.

42. Upon information and belief, each of the Defendants named in Category Three herein were involved with, and/or commercially benefited from, the creation of the porn films and/or advertising Stills shot on Bassett's premises.

43. Bassett alleges that all of those Category Three actors and/or crewmembers posed for one or more series of "advertising Still photographs" [alternatively referred to as "modeling Stills"], which were shot by Still Photographer Joshua Spafford at Jensen/Mile High's direction, <u>inter alii</u>, on Bassett's premises. Bassett alleges further that images of her house, her furnishings, and/or her Copyright-protected artworks were routinely included in those advertising Stills.

44. Bassett alleges that many, if not most, of those Category Three actors and/or crewmembers were provided with overnight "room and board" at Jensen's direction on Bassett's premises during their respective stays on the Vineyard for the commercial porn shoots. Their presence as putative "guests" in Jensen's employ was both unauthorized by Bassett and in express violation of the terms of the applicable Lease.

45. Bassett alleges that many, if not most, of those Category Three actors and/or crewmembers had personal cellphones or other camera equipment, which were used to take, and in some instances exchange, "casual" photographs [the "Selfies"] taken on Bassett's premises, which also included images of her house, her furnishings, and/or her Copyright-protected artworks.

46. Bassett alleges that many, if not most, of those Category Three actors and/or crewmembers were directed or urged to post the advertising Stills and/or Selfies, along with film clips in some

instances, on their respective Social Media sites for the commercially-intended purpose of both promoting the actors' own respective careers within the porn industry, as well as promoting both the individual Icon Male or Transsensual films in which s/he was appearing as an actor, and the Mile High-owned Icon Male or Transsensual studio brands more generally.

## V. LEGAL THEORIES OF RECOVERY

### Count One (Copyright Infringement)

47. Bassett asserts that the Defendants, individually and/or jointly as between each respective Category herein, as well as prospectively jointly as between themselves respectively and Defendants Jensen, Blitt, and/or Mile High Distribution in the corollary lawsuit, have engaged in various conduct in violation of the United States Copyright Act, Title 17, arising from the creation, marketing, and/or sales for their, and perhaps others', commercial gain from the porn films and/or Still photography shot on Bassett's premises that depict her Copyright-protected Works without her permission.

48. As the U. S. Supreme Court stated in Sony Corp. of America v. Universal City Studios, Inc., 464 U.S. 417, 488-89 (1984) in pertinent part:

> *Copyright infringement is a strict liability tort, and thus all individuals who participate in the infringement are jointly and severally liable. . . Nor is it necessary that the defendant be aware that the infringing activity violates the copyright laws. Section 504(c)(2) of the 1976 Act provides for a reduction in statutory damages when an infringer proves that he "was not aware and had no reason to believe that his or her acts constituted an infringement of copyright," but the statute provides no general exemption for those who believe their infringing activities are legal.*

Under the factual circumstances at bar, it is difficult to imagine how any of the Defendants named herein could credibly claim that he, she, or it had any sound reason for believing that the porn films and/or advertising Stills created by Jensen/Mile High on Bassett's premises had been shot

with the homeowner's knowledge or permission, and/or with any legally-required governmental permits.[10]

## Count Two (Violation of Chapter 93A)

49. Bassett asserts that the Defendants, individually and/or jointly as between each respective Category herein, as well as prospectively jointly as between themselves respectively and Defendants Jensen, Blitt, and/or Mile High Distribution in the corollary lawsuit, have engaged in various acts and conduct that constituted "*unfair or deceptive acts or practices in the conduct of any trade or practice*" in contravention of the Massachusetts Consumer Protection Act, Mass. Gen. Laws, Chapter 93A, Sections 2, 9 et seq..

50. Bassett further asserts that some number of the Defendants engaged in the conduct of those "*unfair or deceptive acts or practices*" in a manner respectively that would be construed as "*wilful*" per Section 9 of that Act.

## Count Three (Civil Conspiracy)

51. Bassett asserts that the Defendants, individually and/or jointly as between each respective Category herein, as well as prospectively jointly as between themselves and Defendants Jensen, Blitt, and/or Mile High Distribution in the corollary lawsuit, have engaged in conduct as broadly described herein that constitutes actionable conspiracy to the detriment of Bassett's personal, property, and/or pecuniary interests/rights.

## Count Four (Infliction of Emotional and Mental Distress)

---

[10] As the U.S. Supreme Court stated in Petrella v. Metro-Goldwyn-Mayer, Inc., 572 U.S. 663, 680 (2014) in pertinent part: "*It is widely recognized that the separate-accrual rule attends the copyright statute of limitations. Under that rule, when a defendant commits successive violations, the statute of limitations runs separately from each violation. Each time an infringing work is reproduced or distributed, the infringer commits a new wrong. Each wrong gives rise to a discrete "claim" that "accrue[s]" at the time the wrong accrues. In short, each infringing act starts a new limitations period. See* Stone v. Williams, *970 F.2d 1043, 1049 (CA2 1992)("Each act of infringement is a distinct harm giving rise to an independent claim for relief.").*"

52.   Bassett asserts that the Defendants, individually or jointly, have engaged in conduct as broadly described herein that tortiously and actionably, whether by negligent, reckless, or intentional conduct, has proximately resulted in, and/or contributed to, the infliction of severe emotional and mental distress to Bassett.

## VI. JURY CLAIM

Bassett respectively demands a trial by jury as to to all numerated Counts herein so triable.

## VII. REQUEST FOR RELIEF

WHEREFORE, Bassett respectfully requests that this Honorable Court establish liability as to each of the Defendants, severally and/or jointly, in relation to each of the numerated Counts as applicable, and award to Bassett both: [1.] Compensatory damages, including statutory/punitive damages as applicable, as well as her costs and attorney's fees; and, [2.] Injunctive relief as applicable, particularly with respect to the permanent removal and destruction of all Copyright-infringing images that remain in each Defendant's possession or control.[11]

LEAH BASSETT

By her attorney,

Date: May 28, 2021

John A. Taylor, Esquire
MA BBO #493400
18 Central Square
Bristol NH  03222
(603) 530-2160
jataylor317@gmail.com

---

[11] As stated in the aforecited Sony Corp. of America case in pertinent part: "*The Copyright Act provides the owner of a copyright with a potent arsenal of remedies against an infringer of his work, including an injunction to restrain the infringer from violating his rights, the impoundment and destruction of all reproductions of his work made in violation of his rights, a recovery of actual damages and any additional profits realized by the infringer or a recovery of statutory damages and attorneys fees.* "  464 U.S. at 435 (Citing Sections 502-to-505 of the Act).